**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

SEAN HOPKINS                                          *

                                                            *

v.                                                             *          Case No.: PWG-14-685

                                                            *

THE UNITED STATES OF AMERICA               *

 

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

THE UNITED STATES OF AMERICA               *

                                                            *

v.                                                             *          Case No.: PWG-99-cr-224

                                                            *

SEAN HOPKINS                                          *

                                                            *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**MEMORANDUM AND ORDER**

In his most recent attempts to vacate the life sentence he received in 2001, Sean Hopkins

has filed two motions under 28 U.S.C. § 2255 to vacate or correct what he perceives to be an

illegal sentence.[1]  Def.'s Mar. 7, 2014 Mot., ECF No. 165; Def.'s Jan. 27, 2015 Mot., ECF No.

168.  When the Government failed to respond, I ordered it to show cause why I should not accept

Defendant's representations as correct and grant his motions.  ECF No. 169.  The Government

filed a response, opposing the motions and explaining that, "[b]ecause of the absence of any

active attorneys on the notice list for this long-closed case, the U.S. Attorney's Office for the

---

[1] Although Mr. Hopkins does not identify his motions as made pursuant to § 2255, "[w]here, as here, a federal inmate seeks to challenge his sentence, the appropriate legal proceeding to bring his claims is in a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255," which is "the presumptive means for a federal inmate to collaterally attack his sentence."  *See Alston v. United States*, No. RDB-12-2193, 2012 WL 3745795, at *1 (D. Md. Aug. 28, 2012) (citing *Davis v. United States*, 417 U.S. 333, 343 (1974)).

District of Maryland did not receive notice of Hopkins's most recent motions or the Court's March 27, 2014 order directing the government to submit a response." Gov't Resp. 5 n.2, ECF No. 171. I directed Defendant to file his reply, if any, by June 5, 2015. ECF Nos. 172, 174. In lieu of responding, Defendant filed a Motion Requesting Transfer to the United States Court of Appeals for the Fourth Circuit as an Application to Authorize the Filing of a Second or Successive 2255. ECF No. 175. The Government filed a response, ECF No. 176, indicating that it does not oppose Defendant's motion.

The Government argues correctly that "[a] petitioner may not file in a district court a second or successive motion to vacate, set aside, or correct his sentence without first obtaining an order from the appropriate appellate court granting permission to file such a motion." Gov't Resp. 5 (citing 28 U.S.C. § 2255(h) ("[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) ("Under AEDPA, an individual may not file a second or successive . . . § 2255 motion to vacate a sentence without first receiving permission to do so from the appropriate court of appeals.")). Defendant previously filed three § 2255 motions, ECF Nos. 105, 112, 133, as well as a Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(2), ECF No. 140, without success. Indeed, Defendant acknowledges that he has filed § 2255 motions previously. *See* Def.'s Jan. 27, 2015 Mot. 2 ("Hopkins filed Direct Appeal, Supreme Court, § 2255, Rule 60(b), second Successive, and § 2241."). And, in requesting a "transfer" of this case to the Fourth Circuit "as an application to authorize the filing of a second or successive 2255 motion pursuant to 28 U.S.C.

§ 2244(b)(3)(A)," Defendant appears to concede that he must have authorization from the Fourth Circuit before proceeding in this Court. *See* Def.'s Mot. to Transfer 1. Significantly, "[i]n the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims." *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003). Because Defendant has filed previous § 2255 motions and has not received permission from the Fourth Circuit for this motion, this Court lacks jurisdiction. *See id.*

The district court does not transfer cases to the Fourth Circuit, but the appellate court has set forth instructions for the filing of a motion to obtain the aforementioned authorization order. The procedural requirements and deadlines for filing the motion are extensive. Therefore, I am attaching a packet of instructions promulgated by the Fourth Circuit, which addresses the comprehensive procedure to be followed should Petitioner wish to seek authorization to file a successive petition with the appellate court. It is to be emphasized that Petitioner must file the pleading with the Fourth Circuit Court of Appeals and obtain authorization to file a successive petition before this Court may examine the claims.

Consequently, I will dismiss the Motions without prejudice for lack of jurisdiction and decline to issue a certificate of appealability because Mr. Hopkins has not made a "substantial showing of the denial of a constitutional right."[2]

---

[2] When a district court dismisses a § 2255 motion solely on procedural grounds, "[a] certificate of appealability will not issue absent 'a substantial showing of the denial of a constitutional right.'" *United States v. Hardy*, 227 F. App'x 272, 273 (4th Cir. 2007) (quoting 28 U.S.C. § 2253(c)(2)). To make this showing, Defendant must "demonstrate[e] that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong *and that any dispositive procedural ruling by the district court is likewise debatable*." *Id.* (emphasis added); *see Slack v. Daniel*, 529 U.S. 473, 484 (2000). Denial of a certificate of appealability in the district court does not preclude Defendant from requesting a certificate of appealability from the appellate court.

**<u>ORDER</u>**

Accordingly, it is, this <u>23rd</u> day of <u>June</u>, <u>2015</u>, hereby ORDERED that

1. Defendant's Motions, ECF Nos. 165, 168, and 175, ARE DISMISSED for lack of jurisdiction;

2. A Certificate of Appealability WILL NOT ISSUE;

3. The Clerk SHALL PROVIDE a copy of this Order and a copy of the instructions and form packet for filing a motion under 28 U.S.C. § 2244 (authorization of District Court to consider second or successive application for relief) to Petitioner;

4. The Clerk SHALL CLOSE Civil Action No. PWG-14-685.

_____/S/_____<br>Paul W. Grimm<br>United States District Judge

lyb